```
               IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF ILLINOIS
                         EASTERN DIVISION


Illinois Tool Works, Inc.      )
                               )
         Plaintiff,            )
                               )
                               )
    v.                         )  No. 20 C 1833
                               )
                               )
Chicago Laminating, Inc.,      )
                               )
         Defendant.            )
```

Memorandum Opinion and Order

In this patent dispute, Illinois Tool Works, Inc. ("ITW") accuses Chicago Laminating, Inc. ("Chicago Laminating") of infringing certain claims of a patent held by ITW. The parties have filed cross-motions for summary judgment on the issue of infringement. For the following reasons, ITW's motion is denied and Chicago Laminating's motion is granted.

I.

ITW and Chicago Laminating are competitors in the laminating business. Def.'s Stmt. of Material Facts ("DSMF"), ECF 104 ¶ 4. ITW holds U.S. Patent No. 7,544,266 ("the '266 Patent"),[1] titled "Process of making laminated sheet and product made by the process." DSMF ¶ 5. Claim 1 of the '266 Patent is an independent

---

[1] The '266 Patent can be found at ITW's Exhibit A. ECF 97-1 at 5–20.

claim that recites a multi-step method for producing a composite laminate sheet with a plurality of sections, including the step of "applying, at least one print layer or at least one overlay layer to an outer surface of intermediate film or foil layer." *Id.* ¶ 8. Claim 9 of the patent is dependent on Claim 1, and is directed at the product made by the process of Claim 1. *Id.* ¶¶ 9-10. Claim 23 is an independent claim that recites a multi-step lamination method that includes the step of "applying at least one print layer or at least one protective overlay layer to an outer surface of the intermediate film or foil layer." *Id.* ¶ 11. Claim 28 is dependent on Claim 23, and it describes the product made by the process recited in Claim 23. *Id.* ¶¶ 12-13. The intermediate film or foil layer identified in Claims 1 and 23 must include at least one security, functional or decorative feature or layer. *See* Pl.'s Stmt. of Material Facts ("PSMF"), ECF 97 ¶ 13.

ITW asserts Chicago Laminating infringes dependent Claims 9 and 28 (the "Asserted Claims"), which--because they describe products made according to the processes described in independent Claims 1 and 23, respectively--are product-by-process claims. *See* DSMF ¶ 14. Specifically, ITW accuses Chicago Laminating of performing some of the steps claimed in Claims 1 and 23 and selling the resulting product to Chicago Laminating's customer Valid, which performs the remaining steps, yielding a final product that infringes the Asserted Claims. PSMF ¶¶ 4-8. Chicago Laminating

2

denies that it infringes the Asserted Claims, directly or indirectly, and that if it does infringe the Asserted Claims, then those claims are invalid. Only the issue of infringement--not invalidity--is raised in the present motions.

## II.

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is genuinely in dispute when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party's burden "may be discharged by 'showing'--that is, pointing out to the district court--that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). "As with any summary judgment motion, [I] review cross-motions for summary judgment 'construing all facts, and drawing all reasonable inferences from those facts, in favor of the non-moving party.'" *Laskin v. Siegel*, 728 F.3d 731, 734 (7th Cir. 2013) (quoting *Wis. Cent., Ltd. v. Shannon*, 539 F.3d 751, 756 (7th Cir. 2008)).

The parties agree that claim construction is unnecessary to resolve the pending cross-motions for summary judgment. *See* ECF 71, 72 (court granted parties' agreed motion to continue claim construction hearing until after resolution of summary judgment

3

motions because the parties stipulated that the summary judgment motions do "not depend in any way on the determination of the claim construction issues pending before the Court."). Though some aspects of the summary judgment motions appear to hinge on claim construction issues, the one I find dispositive does not, so resolution of these motions prior to claim construction is appropriate. *See Intellect Wireless, Inc. v. T-Mobile USA, Inc.*, 735 F. Supp. 2d 928, 932–33 (N.D. Ill. 2010) (finding certain aspects of summary judgment motion inappropriate for consideration before claim construction but deciding issue of single-entity infringer); *United States Surgical Corp. v. Ethicon, Inc.*, 103 F.3d 1554, 1568 (Fed. Cir. 1997) (holding that claim construction is required only "when the meaning or scope of technical terms and words of art is unclear and in dispute and requires resolution to determine" the issue before the court).

### III.

In its summary judgment motion, ITW focuses exclusively on contributory infringement under 35 U.S.C. § 271(c). But perhaps because ITW's complaint also asserts a claim of induced infringement under 35 U.S.C. § 271(b), Chicago Laminating argues for summary judgment of non-infringement on that theory as well.[2]

---

[2] ITW's complaint also suggests a possible claim of direct infringement against Chicago Laminating, *see* Compl., ECF 1 ¶¶ 11–12, but it has disavowed that theory. DSMF ¶ 17.

To prove contributory or induced infringement, a patentholder must demonstrate underlying direct infringement. *See Linear Tech. Corp. v. Impala Linear Corp.*, 379 F.3d 1311, 1326 (Fed. Cir. 2004) ("There can be no inducement or contributory infringement without an underlying act of direct infringement." (citation omitted)).

ITW maintains that the composite laminate sheets produced by Chicago Laminating and Valid meet all the limitations of the Asserted Claims and, therefore, directly infringe those claims. In determining infringement of product-by-process claims like the Asserted Claims, "the focus is on the process of making the product as much as it is on the product itself." *Amgen Inc. v. F. Hoffman-La Roche Ltd.*, 580 F.3d 1340, 1370 (Fed. Cir. 2009) (citing *Abbott Lab'ys v. Sandoz, Inc.*, 566 F.3d 1282, 1293 (Fed. Cir. 2009) (en banc)); *see also Wahpeton Canvas Co. v. Frontier, Inc.*, 870 F.2d 1546, 1552 n.9 (Fed. Cir. 1989) ("One who does not infringe an independent claim cannot infringe a claim dependent on (and thus containing all the limitations of) that claim."). Accordingly, direct infringement of the Asserted Claims requires direct infringement of Claims 1 and 23, which describe the process used to produce the claimed products. ITW does not dispute this. *See* Pl.'s Mot., ECF 98 at 10 ("Admittedly, a product-by-process claim is only infringed if all of the steps of the process are performed." (citations omitted)).

5

What ITW does dispute is that the "single entity" rule described in *Akamai Technologies, Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020 (Fed. Cir. 2015) (en banc) ("*Akamai V*"), and other cases, applies to product-by-process claims. The rule establishes that "[d]irect infringement under § 271(a) occurs where all steps of a claimed method are performed by or attributable to a single entity." *Id.* at 1022 (citation omitted). It is undisputed that this rule applies to method or process claims. *See id.* Thus, ITW must prove that a single entity directly infringes Claims 1 and 23.

"Where more than one actor is involved in practicing the steps [of a claimed method], a court must determine whether the acts of one are attributable to the other such that a single entity is responsible for the infringement." *Id.* "The performance of method steps is attributable to a single entity" when: (1) "that entity 'directs or controls' others' performance," or (2) "when the actors 'form a joint enterprise.'" *Eli Lilly & Co. v. Teva Parenteral Meds., Inc.*, 845 F.3d 1357, 1364 (Fed. Cir. 2017) (quoting *Akamai V*, 797 F.3d at 1022). ITW pursues only the "direction or control" theory, asserting that Valid directly infringes the Asserted Claims as well as Claims 1 and 23 as a single entity by performing some of the steps itself and directing or controlling the performance of the remaining steps by Chicago Laminating.

6

As an initial matter, Chicago Laminating argues that under the single entity rule, ITW must show that Chicago Laminating, as the accused infringer, directs or controls Valid's performance, not the other way around. I disagree. All the single-entity rule requires is that "the acts of one [actor] are attributable to [another actor] such that a single entity is responsible for the infringement." *Akamai V*, 797 F.3d at 1022. ITW's theory is that Valid is the single entity who directly infringes the Asserted Claims, and that this underlying direct infringement gives rise to Chicago Laminating's indirect infringement. Consequently, Valid's direction or control of Chicago Laminating's performance of certain steps is relevant to whether the Asserted Claims are infringed.

Direction or control may be shown where the direct infringer "acts through an agent (applying traditional agency principles) or contracts with another to perform one or more steps of a claimed method." *Id.* at 1023. It may also be found "when an alleged infringer conditions participation in an activity or receipt of a benefit upon performance of a step or steps of a patented method and establishes the manner and timing of that performance." *Id.*; *see Int'l Bus. Machs. Corp. v. Booking Holdings Inc.*, 775 F. App'x 674, 678-79 (Fed. Cir. 2019) (calling these the "agency test" and "benefit test," respectively). The Federal Circuit has cautioned that, in addition to these tests, "other factual scenarios may

7

arise which warrant attributing others' performance of method steps to a single actor." *Akamai V*, 797 F.3d at 1023. ITW does not discuss these tests or expressly pursue one, but it focuses its discussion on an apparent contractual relationship between Valid and Chicago Laminating.

As the patentee, ITW bears the burden to "supply sufficient evidence to prove that the accused product or process meets every element or limitation of a claim." *Rohm & Haas Co. v. Brotech Corp.*, 127 F.3d 1089, 1092 (Fed. Cir. 1997). In this context, that means that ITW must show, for each step, either that Valid performed the step, or that Valid directed Chicago Laminating's performance of the step. According to ITW, it satisfies this burden as to the steps not performed by Valid by pointing to the fact that "Valid asks Chicago Laminating to laminate Valid's sheets of substrate with metallized film according to certain specifications and that Chicago Laminating fulfills Valid's orders." Def.'s Resp. to PSMF, ECF 107 ¶ 11. That statement alone, however, would not permit a reasonable factfinder to conclude that Valid directed or controlled Chicago Laminating's performance of the following claimed steps: "continuously feeding a supply of generally flat sheets of a core substrate layer of a single material to a lamination nip," "continuously feeding an intermediate film or foil layer to the lamination nip," '266 Patent at Claim 1 col. 8:31-35, "feeding the intermediate film or foil layer to a

8

lamination nip," or "feeding a sheet of the core substrate layer to the lamination nip," *id.* at Claim 23 col. 11:7–10. ITW offers no evidence suggesting that Valid's request that Chicago Laminating "laminate" Valid's substrate somehow implies the performance of these steps, and to so conclude would require speculation.[3] While *Akamai V* undoubtedly "broaden[ed] the circumstances in which others' acts may be attributed to an accused infringer to support direct-infringement liability for divided infringement," *Mankes v. Vivid Seats Ltd.*, 822 F.3d 1302, 1305 (Fed. Cir. 2016), it is still not enough to point to arms-length cooperation without evidence of direction or control over the performance of each claimed step.

Nor is it sufficient to offer evidence that Chicago Laminating in fact performed the method steps that Valid did not perform, *see* PSMF ¶¶ 24–28, 30–34--something Chicago Laminating disputes--because, again, that does not speak to Valid's direction or control over Chicago Laminating's performance of the steps. The Federal Circuit has observed that even where "a third party actually performs some of the designated steps, . . . control or direction

---

[3] And though ITW has asked that I decide the cross-motions for summary judgment without claim construction, even were I to proceed to claim construction, ITW does not seek construction of any of the quoted terms. As to one of the terms, it argues that it should be afforded its plain meaning and that no construction is necessary. *See* ITW's Responsive Claim Construction Brief, ECF 56 at 4–5. The terms contain more detail than would be needed if simply instructing one performing the steps to "laminate."

9

of the performance of that step by the accused infringer is required." *SiRF Tech., Inc. v. Int'l Trade Comm'n*, 601 F.3d 1319, 1329 (Fed. Cir. 2010); *see also Int'l Bus. Machs. Corp. v. Priceline Grp.*, 271 F. Supp. 3d 667, 683 (D. Del. 2017) (concluding plaintiff "has failed to adduce evidence from which a reasonable factfinder could find that Defendants direct or control" performance of the relevant method step by third parties, even where evidence established the third parties actually performed those steps), *aff'd sub nom. Int'l Bus. Machs. Corp.*, 775 F. App'x 674.

Furthermore, if ITW means to establish that Chicago Laminating acted as Valid's agent in performing method steps, it fails to do so because it does not identify or discuss any relevant agency principles. *See Akamai V*, 797 F.3d at 1023 (noting that application of traditional agency principles is required for finding that agent's acts can be attributed to principal as single entity). And to the extent ITW opts for the "benefit test," it fails there too because "'mere guidance or instruction is insufficient,'" *Travel Sentry, Inc. v. Tropp*, 877 F.3d 1370, 1379 (Fed. Cir. 2017) (quoting *Eli Lilly*, 845 F.3d at 1366), and that is at most what ITW can establish on the evidence submitted.

ITW has thus failed to demonstrate direct infringement of Claims 1 or 23--and therefore the Asserted Claims--by a single entity. "It is well settled that there can be no inducement or

contributory infringement absent an underlying direct infringement." *Novartis Pharms. Corp. v. Eon Labs Mfg., Inc.*, 363 F.3d 1306, 1308 (Fed. Cir. 2004) (citations omitted). ITW's infringement claims accordingly fail and summary judgment of non-infringement is warranted.

Finally, ITW suggests that Chicago Laminating has admitted to infringement in its Final Invalidity Contentions. *See* Def.'s Final Invalidity Contentions, Pl.'s Exh. F, ECF 97-1 at 32–41. But as Chicago Laminating makes clear, its invalidity contentions start from the premise that it has infringed the Asserted Claims, and proceed to argue that the infringement does not matter because the claims are invalid. *See id.* at 33 ("[Chicago Laminating's] Final Unenforceability and Invalidity Contentions are based on the apparent construction accorded by ITW in its Initial Infringement Contentions and do not reflect [Chicago Laminating's] positions or contentions regarding the proper construction of the asserted claims."); *id.* at 34 ("[Chicago Laminating's] Product does not infringe claims 9 and 28 under a correct claim interpretation and proper application of indirect infringement. To the extent ITW incorrectly interprets claims 9 and 28 and improperly applies indirect infringement to assert infringement of [Chicago Laminating's] Product, then under ITW's claim interpretations claims 9 and 28 are anticipated and/or rendered obvious."). Such arguments in the alternative are permissible and do not constitute

11

an admission. *See Ocean Innovations, Inc. v. Archer*, 145 F. App'x 366, 371 n.3 (Fed. Cir. 2005) ("Before the district court, [defendant's] position was that the [product] did not infringe, but that if the [product] was found to infringe, then the '833 patent is invalid under [35 U.S.C.] section 102(g) on the basis of prior invention of the [product]. There is nothing inconsistent in advancing this alternative theory for non-liability."); *Kroy IP Holdings, LLC v. AutoZone, Inc.*, No. 2:13-cv-888-WCB, 2014 WL 7463099, at *4 (E.D. Tex. Dec. 30, 2014) ("[Defendant] is entitled to assert that the accused rewards program does not infringe, while at the same time asserting in the alternative that if the program is found to infringe, an earlier version of the program would anticipate [plaintiff's] patent.").

IV.

For the foregoing reasons, ITW's motion for summary judgment is denied and Chicago Laminating's motion for summary judgment is granted.

ENTER ORDER:

**Elaine E. Bucklo**
United States District Judge

Dated: July 6, 2023

12